IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kimberly Wheat,<br><br>    Plaintiff,<br><br>v.<br><br>Dynia and Associates, LLC; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Kimberly Wheat, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Kimberly Wheat ("Plaintiff"), is an adult individual residing in Cedar Rapids, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant, Dynia and Associates, LLC ("Dynia"), is a Illinois business entity with an address of 4847 North Milwaukee Avenue, Suite 801, Chicago, Illinois 60630, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Dynia and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Dynia at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Dynia for collection, or Dynia was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Dynia Engages in Harassment and Abusive Tactics**

## FACTS

11. Starting in July 2014, Plaintiff began receiving calls from Dynia at her work telephone number.

12. Shortly thereafter, Plaintiff spoke to Dynia and informed them that Dynia was calling Plaintiff's work telephone, and requested that Dynia cease placing such collection calls to her at that number.

13. Despite Plaintiff's request, and knowing that Plaintiff has specifically requested that the calls to her place of employment stop, Dynia placed two additional collection calls to

Plaintiff's place of employment.

14. The calls to Plaintiff's place of employment caused her significant inconvenience and concern.

15. Furthermore, Dynia failed to send Plaintiff a thirty-day validation letter within five days after the initial communication.

## C. Plaintiff Suffered Actual Damages

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

20. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used

3

unfair and unconscionable means to collect a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages;

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 18, 2014

        Respectfully submitted,

        By __/s/ Sergei Lemberg_____

        Sergei Lemberg, Esq.
        LEMBERG LAW L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Attorney for Plaintiff